# THE PEOPLE *v.* SANTIAGO ROBLES.

CROSS EXAMINATION OF A WITNESS.—It is not irrelevant to inquire of a witness on cross examination, for the purpose of impeaching him, whether he has not on a former occasion given a different account of the matter.

WHEN ERROR OF COURT IMMATERIAL.—The error of refusing to allow a witness to be asked on cross examination whether he has not formerly made different statements from what he then does, is not cured because his testimony is corroborated by other witnesses.

JURISDICTION OF A LARCENY.—When property has been stolen in one county and carried into another, jurisdiction of the offense is in either county.

THE defendant was indicted in the County of Tuolumne for stealing a horse. The horse was stolen in Mariposa County, and taken into Tuolumne County, where the defendant was arrested. On the trial Mallet the prosecuting witness was asked, for the purpose of impeaching his testimony, if he did not testify differently before the committing magistrate from what he then did. The Court on the objection of the District Attorney refused to allow the question to be put.

The defendant was convicted and sentenced, and appealed.

*Edwin A. Rodgers,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SANDERSON, J.

The Court below erred in not permitting counsel for the defendant to examine the prosecutor Mallet on cross examination as to whether his testimony before the committing magistrate was the same as at the trial. It is never irrelevant to inquire of a witness whether he has not on some former occasion given a different account of the matter, for the purpose of impeaching his testimony by contradicting him. (1 Greenleaf on Evidence, Sec. 449.) It will not do to say that this error was immaterial because Mallet's testimony upon the point in question was corroborated by other witnesses, and that therefore the verdict would have been the same had his testimony been successfully impeached in the mode proposed. We cannot say what effect the successful impeach-

ment of his testimony might have had upon the minds of the jury; and it cannot be held that an error is immaterial unless it be made to appear beyond all controversy that it could have had no effect whatever upon the verdict prejudicial to the defendant.

The point made on the motion to arrest the judgment is answered by the ninety-second section of the Criminal Practice Act, which provides that when property has been feloniously taken in one county and brought into another, the jurisdiction of the offense shall be in either county.

We do not deem it necessary to notice the other points.

Judgment reversed and new trial ordered.